1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   LAW OFFICES OF DONALD KILMER
2  1645 Willow Street, Suite 150
   San Jose, California 95125
3  Voice: (408) 264-8489
   Fax:   (408) 264-8487
4  E-Mail: Don@DKLawOffice.com

5  Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE COURTHOUSE | 280 S. 1ST STREET, SAN JOSE, CA 95113

| | |
|---|---|
| LORI RODRIGUEZ, THE SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN JOSE, CITY OF SAN JOSE POLICE DEPARTMENT, OFFICER STEVEN VALENTINE and DOES 1 TO 20,<br><br>Defendants. | Case No.:   5:15-CV-03698<br><br>**COMPLAINT**<br><br>42 U.S.C. §§ 1983, 1988, |

## INTRODUCTION

1. This is an action to challenge the customs, policies, practices and procedures of seizing and retaining firearms in conjunction with a mental health and welfare check under California's Welfare and Institutions Code; when said firearms are taken from homes that have California approved gun safes and at least one responsible and qualified person to take custody of the firearms.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

# PARTIES

2. Plaintiff LORI RODRIGUEZ is a natural person and citizen of the United States and of the State of California and was at all material times a resident of Santa Clara County. LORI RODRIGUEZ is married to Edward Rodriguez. Edward is not a party to this case, nor did he defend the action in state court.

3. Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately owned and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members. SAF brings lawsuits like this because the fees and costs of prosecuting such actions often exceeds the personal resources of individual gun owners and value of the gun collections.

4. Plaintiff CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization incorporated under the laws of California with its principal place of business in Roseville, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearms laws, rights and privileges, and defending and protecting the civil rights of California gun owners. CGF represents its members and supporters, which include California gun owners. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership. CGF brings lawsuits like this because the fees and costs of prosecuting such actions often exceeds the personal resources of individual gun owners and value of the gun collections.

5. Defendant CITY OF SAN JOSE is municipal corporation located in the county of Santa Clara.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint            Page 2 of 10            Rodriguez v. City of San Jose

6. Defendant CITY OF SAN JOSE POLICE DEPARTMENT is a law enforcement agency with the power to implement and enforce the laws relevant to this action.

7. Defendant OFFICER STEVEN VALENTINE was a San Jose police officer employed by the City of San Jose on the relevant dates. He either personally seized or directed the seizure of the firearms in question pursuant to policies and procedures promulgated by the Defendants CITY OF SAN JOSE and/or the CITY OF SAN JOSE POLICE DEPARTMENT.

8. At this time, Plaintiffs are ignorant of the names of any other individuals or entities responsible for the acts giving rise to the claims set forth herein, and therefore names these individuals DOE Defendants and reserves the right to amend this complaint when their true names are ascertained to add those persons and/or entities as Defendants.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

10. This Court has supplemental jurisdiction over any state law causes of action arising from the same operative facts under 28 U.S.C. § 1367.

11. Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local Rules for bringing an action in this district.

## CONDITIONS PRECEDENT

12. All conditions precedent have been performed, and/or have occurred, and/or have been excused, and/or would be futile.

13. If applicable, the Statute of Limitations for this action was tolled during the state court proceedings which began February 22, 2013 (when the civil action *City of San Jose v. Edward Rodriguez (Intervenor: Lori Rodriguez),* case

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

number: 1-13-CV241669 was filed in Santa Clara Superior Court) through and including June 2, 2015 (when the remittitur was issued by the Sixth District Court of Appeal in case number: H040317).

## FACTS

14. Edward and LORI RODRIGUEZ have been married for more than 20 years.
15. Prior to her marriage LORI acquired at least one firearm that was and is her separate property.
16. During the marriage, LORI and Edward acquired several firearms that were and are community property.
17. LORI and her husband also acquired a gun safe that meets (or exceeds) the requirements of California law for the safe storage of firearms.
18. On January 24, 2013 the San Jose Police Department was dispatched to the Rodriguez home. Edward Rodriguez was in distress. He exhibited signs of erratic behavior. The police officers at the scene made a determination that Edward should be taken to the Santa Clara Valley Medical Center for a 72-hour hold for a psychiatric and/or psychological evaluation. An ambulance was called to transport him.
19. Over LORI's objection, and without a warrant, the Defendants seized twelve firearms from a gun safe in the Rodriguez family home.
20. Defendant OFFICER VALENTINE either wrongfully seized Plaintiff's firearms on his own initiative, or he was acting pursuant to the official policies, practices and procedures of the CITY OF SAN JOSE and/or the CITY OF SAN JOSE POLICE DEPARTMENT.
21. No firearms were used, displayed, brandished or otherwise outside of the Rodriguez gun safe during the events that lead up to Edward's contact with the San Jose Police. Furthermore, LORI RODRIGUEZ maintained custody and control of the firearms in her home by controlling access to the gun safe.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                Page 4 of 10                    Rodriguez v. City of San Jose

22. On or about February 22, 2013 the CITY OF SAN JOSE filed a Petition Re: Disposition of Weapons in the Santa Clara Superior Court. *City of San Jose v. Edward Rodriguez (Lori Rodriguez),* case number: 1-13-CV241669.

23. LORI RODRIGUEZ filed a Co-Respondent's Response and Request for Hearing on April 12, 2013.

24. On June 21, 2013 a Stipulation Re: Joinder was filed with the Superior Court formally joining LORI RODRIGUEZ to the action.

25. A hearing pursuant to Welfare and Institutions Code § 8102 took place in Santa Clara County Superior Court on August 9, 2013 before the Honorable Peter H. Kirwan.

26. LORI RODRIGUEZ testified at the hearing by way of offer of proof (which was verified during the hearing) that she and Edward had owned a Liberty Safe – Lincoln Model LX25 since August of 2002.  This gun safe has a lock that keeps the combination dial from being turned, in addition to also requiring knowledge of the combination code itself.

27. Furthermore the CITY OF SAN JOSE stipulated during the hearing that the gun safe in question meets all of the regulatory requirements promulgated by the Office of the Attorney General of the State of California for the safe storage of firearms.

28. LORI RODRIGUEZ was not (and is not now) prohibited from possessing, owing or acquiring firearms, as established through a Personal Firearms Eligibility Check conducted by the California Department of Justice.

29. LORI RODRIGUEZ acknowledged in her testimony that her husband is currently prohibited from owning and/or possessing firearms based on his psychiatric hold.  She also acknowledged that she had a duty to transfer the community property firearms to her own name and then store said firearms (and ammunition) in a way that will prevent Edward from gaining access to those firearms.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                         Page 5 of 10                         Rodriguez v. City of San Jose

30. LORI RODRIGUEZ had the combination on the gun safe changed on April 26, 2013, to prevent unauthorized access to its contents in anticipation of having her firearms returned.  Prior to having the combination changed, LORI maintained sole possession of the key used to unlock the combination dial to the gun safe which also prevented unauthorized access to the gun safe.

31. The CITY OF SAN JOSE through its Attorney engaged in the following exchange with the trial court at the end of the hearing: "[If] the Court agrees and precludes return of the firearms.  What's to prevent Ms. Rodriguez from going out tomorrow and purchasing more firearms and bringing them back to the house?"   The City Attorney responded: "That is a correct statement. There is nothing that will prevent her from doing that."

32. The trial court ordered the forfeiture of the firearms, but cautioned the City against their destruction without attempting to recover their economic value.

33. An appeal was filed in The Court of Appeal of the State of California Sixth Appellate District, Case No.: H040317.

34. The judgment of the trial court was affirmed in an unpublished opinion issued on April 2, 2015.  That opinion including the following language: "Moreover, we believe that the record on appeal shows that the procedure provided by section 33850 et seq. for return of firearms in the possession of law enforcement **remains available** to Lori." (Emphasis added.)

35. LORI RODRIGUEZ had, at all relevant time, offered to comply with the administrative procedures set forth at California Penal Code § 33850 to obtain possession of the firearms in question after the Welfare and Institutions Code (WIC) § 8102 action was resolved. She did not incur the cost and expense of that administrative procedure prior to the adjudication of the WIC action, because there is a fee for each firearm processed and the release is only good for 30 days, after which the gun owner must resubmit another fee and application to the California Department of Justice.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

36. Immediately after the Court of Appeal decision, LORI RODRIGUEZ, submitted the fees and applications for return of her firearms pursuant to Penal Code § 33800 et seq.

37. On June 1, 2015, LORI RODRIGUEZ received confirmation of the transfer of community property firearms to her name alone and release documents for the firearms in question from the California Department of Justice.

38. The remittitur of Court of Appeal, Sixth Appellate District was issued on June 2, 2015.

39. Copies of the Penal Code § 33850 releases were tendered to the CITY OF SAN JOSE on or about June 11, 2015 with a request that the Defendants release LORI's property to her pursuant to California law.

40. On or about July 6, 2015, the CITY OF SAN JOSE notified LORI that it still would not return her firearms. However the parties do have an agreement that the firearms will be held (without cost to plaintiff LORI RODRIGUEZ) until this action is resolved.

41. By seizing, retaining Plaintiff RODRIGUEZ's firearms and defying state law administrative procedures for return of firearms, which are valuable personal property, and for which the Plaintiff LORI RODRIGUEZ had taken all necessary steps to secure in accordance with state law; the Defendants have violated LORI RODRIGUEZ's Second, Fourth, Fifth and Fourteenth Amendment rights under the United States Constitution.

**FIRST CLAIM FOR RELIEF:**
**SECOND AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988**

42. Paragraphs 1 through 41 are incorporated by reference.

43. Plaintiff LORI RODRIGUEZ claims relief under 42 U.S.C. § 1983 against Defendants for violation of her constitutional right to keep and bear arms, a right protected by the Second Amendment as that right is applied through the 14th Amendment.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

44. Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., request injunctive relief under 42 U.S.C. § 1983 against the Defendants to prevent future violations of their members' constitutional right to keep and bear arms under the Second Amendment to the United States Constitution as that right is applied to the States through the Fourteenth Amendment.

**SECOND CLAIM FOR RELIEF:**
**FOURTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988**

45. Paragraphs 1 through 41 are incorporated by reference.

46. Plaintiff LORI RODRIGUEZ requests relief under 42 U.S.C. § 1983 against the Defendants for violation of her constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution, as those rights are applied to the States through the Fourteenth Amendment.

47. Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., request prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants to prevent future violations of their members' constitutional right to be free from unreasonable seizure under the Fourth Amendment, to the United States Constitution as those rights are applied to the States through the Fourteenth Amendment.

**THIRD CLAIM FOR RELIEF:**
**FIFTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988**

48. Paragraphs 1 through 41 are incorporated by reference.

49. Plaintiff LORI RODRIGUEZ requests relief under 42 U.S.C. § 1983 against the Defendants for the taking of property without just compensation under the Fifth Amendment to the United States Constitution, as those rights are applied to the States through the Fourteenth Amendment.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

50. Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., request injunctive relief under 42 U.S.C. § 1983 against the Defendants to prevent the future takings of their members' firearms without just compensation under the Fifth Amendment to the United States Constitution as those rights are applied to the States through the Fourteenth Amendment.

### FOURTH CLAIM FOR RELIEF:
### FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION
### 42 USC § 1983, 1988

51. Paragraphs 1 through 41 are incorporated by reference.

52. Plaintiff LORI RODRIGUEZ requests relief under 42 U.S.C. § 1983 against the Defendants for violation of her due process rights (administrative return of property) under the Fourteenth Amendment to the United States Constitution.

53. Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., request prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants to prevent future violations of their members' constitutional right of due process (to have firearms returned under California's administrative process) while exercising their Second Amendment rights.

### FIFTH CLAIM FOR RELIEF:
### STATE LAW CLAIM
### CALIFORNIA PENAL CODE §§ 33800 et seq.

54. Paragraphs 1 through 41 are incorporated by reference.

55. Plaintiff LORI RODRIGUEZ has fully complied with the provisions of California Penal Code § 33800 et seq., and in accordance with the unpublished opinion of the Court of Appeal, tendered a set of approved releases from the California Department of Justice for return of her firearms. The Defendants' refusal to comply with the instructions set forth in the

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

appellate court opinion and the provisions of state law entitled her to injunctive relief by this Court under its pendant/ancillary jurisdiction. Furthermore, LORI RODRIGUEZ is entitled to recovery of attorney fees and costs under Penal Code § 33885.

56. Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., request prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants to compel compliance with California Penal Code § 33800 et seq. (to have firearms returned under California's administrative process) while exercising their Second Amendment rights.

WHEREFORE, the Plaintiffs requests that this Court:

    A. Compel the Defendants to return the firearms released to LORI RODRIGUEZ by the California Department of Justice to her home.

    B. An award of damages to LORI RODRIGUEZ.

    C. Injunctive relief against the Defendants to prevent future violations.

    D. Award costs of this action and all prior actions to all the Plaintiffs;

    E. Award reasonable attorney fees and costs to the Plaintiffs on all Claims of the complaint, and all prior litigation, including but not limited to fee/cost awards under 42 USC § 1983, 1988; California Code of Civil Procedure § 1021.5 and California Penal Code § 33885.

    F. Such other and further relief as this Court may deem appropriate.

Dated: August 12, 2015.

/s/ Donald Kilmer
Donald Kilmer, Jr. [SBN: 179986]
Law Offices of Donald Kilmer, APC
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Attorneys for Plaintiffs