RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
CLIFFORD S. GREENBERG Senior Deputy City Attorney (122612)
MARK J. VANNI, Deputy City Attorney (267892)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Defendants CITY OF SAN JOSE, CITY OF SAN JOSE POLICE DEPARTMENT and OFFICER STEVEN VALENTINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORI RODRIGUEZ, THE SECOND AMENDMENT FOUNDATION, INC., THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br>v.<br><br>CITY OF SAN JOSE, CITY OF SAN JOSE POLICE DEPARTMENT, OFFICER STEVEN VALENTINE, AND DOES 1 TO 20,<br><br>Defendants. | Case Number:  5:15-CV-03698 EJD<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants CITY OF SAN JOSE, CITY OF SAN JOSE POLICE DEPARTMENT, and OFFICER STEVEN VALENTINE (collectively "Defendants") answer the Complaint of Plaintiffs LORI RODRIGUEZ, THE SECOND AMENDMENT FOUNDATION, INC. and THE CALGUNS FOUNDATION, INC. (collectively "Plaintiffs") as follows:

/ / /

/ / /

/ / /

1

# INTRODUCTION

1. In response to the allegations contained in Paragraph 1 of said Complaint, Defendants acknowledge the purpose of Plaintiffs' lawsuit, but deny that Plaintiffs' claims have merit.

# PARTIES

2. In response to the allegations contained in Paragraph 2 of said Complaint, Defendants admit such allegations.

3. In response to the allegations contained in Paragraph 3 of said Complaint, Defendants admit that Plaintiff SECOND AMENDMENT FOUNDATION, INC. (SAF) is an organization with its principal place of business in Bellevue, Washington, but Defendants are without information or belief as to the remaining facts contained therein, and on that basis, deny such facts.

4. In response to the allegations contained in Paragraph 4 of said Complaint, Defendants admit that CALGUNS FOUNDATION, INC. (CGF) is an organization incorporated under the laws of California with a principal place of business in Roseville, California, but Defendants are without information or belief as to the remaining facts contained therein, and on that basis, deny such facts.

5. In response to the allegations contained in Paragraph 5 of said Complaint, Defendants admit such allegations.

6. In response to the allegations contained in Paragraph 6 of said Complaint, Defendants admit such allegations.

7. In response to the allegations contained in Paragraph 7 of said Complaint, Defendants admit that Officer Steven Valentine was a San Jose police officer employed by the City of San Jose on the relevant dates and seized the firearms in question pursuant to California Welfare and Institutions Code section 8102, but Defendants deny the remainder of the factual allegations contained therein.

8. In response to the allegations contained in Paragraph 8 of said Complaint,

///

1 Defendants acknowledge that Plaintiffs reference the Doe pleading concept of using
2 fictitious names for purposes of future pleading, but deny that said Doe pleading is
3 available in this Court.

## JURISDICTION AND VENUE

5  9.  In response to the allegations contained in Paragraph 9 of said Complaint,
6 Defendants admit that the Court has jurisdiction over Plaintiffs' constitutional claims.
7  10.  In response to the allegations contained in Paragraph 10 of said Complaint,
8 Defendants admit that the Court has supplemental jurisdiction over Plaintiffs' alleged state
9 claims.
10  11.  In response to the allegations contained in Paragraph 11 of said Complaint,
11 Defendants admit that this action is properly venued in the Northern District of California.

## CONDITIONS PRECEDENT

13  12.  In response to the allegations contained in Paragraph 12 of said Complaint,
14 Defendants are without information or belief as to the facts contained therein, and on that
15 basis, deny such facts.
16  13.  In response to the allegations contained in Paragraph 13 of said Complaint,
17 Defendants deny said allegations.

## FACTS

19  14.  In response to the allegations contained in Paragraph 14 of said Complaint,
20 Defendants admit that Edward and LORI RODRIGUEZ are married, but are without
21 information or belief as to the remaining facts contained therein, and on that basis, deny
22 such facts.
23  15.  In response to the allegations contained in Paragraph 15 of said Complaint,
24 Defendants are without information or belief as to the facts contained therein, and on that
25 basis, deny such facts.
26  16.  In response to the allegations contained in Paragraph 16 of said Complaint,
27 Defendants admit such allegations.
28  17.  In response to the allegatiions contained in Paragraph 17 of said Complaint,

Defendants admit such allegations.

18. In response to the allegations contained in Paragraph 18 of said Complaint, Defendants admit such allegations.

19. In response to the allegations contained in Paragraph 19 of said Complaint, Defendants admit that twelve firearms were seized from a gun safe in the Rodriguez family home, but Defendants deny the remainder of the factual allegations contained therein.

20. In response to the allegations contained in Paragraph 20 of said Complaint, Defendants deny said allegations.

21. In response to the allegations contained in Paragraph 21 of said Complaint, Defendants admit that no firearms were used, displayed, brandished or otherwise outside the Rodriguez gun safe during the events of Edward's contact with the San Jose Police, but are without information or belief as to the remainder of the facts contained therein, and on that basis, deny such facts.

22. In response to the allegations contained in Paragraph 22 of said Complaint, Defendants admit such allegations.

23. In response to the allegations contained in Paragraph 23 of said Complaint, Defendants admit such allegations.

24. In response to the allegations contained in Paragraph 24 of said Complaint, Defendants admit such allegations.

25. In response to the allegations contained in Paragraph 25 of said Complaint, Defendants admit such allegations.

26. In response to the allegations contained in Paragraph 26 of said Complaint, Defendants admit such allegations.

27. In response to the allegations contained in Paragraph 27 of said Complaint, Defendants admit such allegations.

28. In response to the allegations contained in Paragraph 28 of said Complaint, Defendants admit such allegations.

4
DEFENDANTS' ANSWER TO COMPLAINT                    Case Number: 515-CV03698 HRL
1238064.doc

29. In response to the allegations contained in Paragraph 29 of said Complaint, Defendants admit such allegations.

30. In response to the allegations contained in Paragraph 30 of said Complaint, Defendants are without information or belief as to the facts contained therein, and on that basis, deny such facts.

31. In response to the allegations contained in Paragraph 31 of said Complaint, Defendants admit such allegations.

32. In response to the allegations contained in Paragraph 32 of said Complaint, Defendants admit that the trial court ordered forfeiture of the firearms, but Defendants deny the remainder of the factual allegations contained therein.

33. In response to the allegations contained in Paragraph 33 of said Complaint, Defendants admit such allegations.

34. In response to the allegations contained in Paragraph 34 of said Complaint, Defendants admit such allegations.

35. In response to the allegations contained in Paragraph 35 of said Complaint, Defendants are without information or belief as to the facts contained therein, and on that basis, deny such facts.

36. In response to the allegations contained in Paragraph 36 of said Complaint, Defendants admit such allegations.

37. In response to the allegations contained in Paragraph 37 of said Complaint, Defendants admit such allegations.

38. In response to the allegations contained in Paragraph 38 of said Complaint, Defendants admit such allegations.

39. In response to the allegations contained in Paragraph 39 of said Complaint, Defendants admit such allegations.

40. In response to the allegations contained in Paragraph 40 of said Complaint, Defendants admit such allegations.

41. In response to the allegatiodns contained in Paragraph 41 of said Complaint,

1  Defendants deny such allegations.

**FIRST CLAIM FOR RELIEF:**
**SECOND AMENDMENT, UNITED STATES CONSTITUTION**
**42 US § 1983, 1988.**

42. In response to the allegations contained in Paragraph 42 of said Complaint, Defendants incorporate by reference their responses to Paragraphs 1 thorough 41 herein.

43. In response to the allegations contained in Paragraph 43 of said Complaint, Defendants deny said allegations.

44. In response to the allegations contained in Paragraph 44 of said Complaint, Defendants deny said allegations.

**SECOND CLAIM FOR RELIEF:**
**FOURTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 US § 1983, 1988.**

45. In response to the allegations contained in Paragraph 45 of said Complaint, Defendants incorporate by reference their responses to Paragraphs 1 thorough 41 herein.

46. In response to the allegations contained in Paragraph 46 of said Complaint, Defendants deny said allegations.

47. In response to the allegations contained in Paragraph 47 of said Complaint, Defendants deny said allegations.

**THIRD CLAIM FOR RELIEF:**
**FIFTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 US § 1983, 1988.**

48. In response to the allegations contained in Paragraph 48 of said Complaint, Defendants incorporate by reference their responses to Paragraphs 1 thorough 41 herein.

49. In response to the allegations contained in Paragraph 49 of said Complaint, Defendants deny said allegations.

50. In response to the allegations contained in Paragraph 50 of said Complaint, Defendants deny said allegations.

**FOURTH CLAIM FOR RELIEF:**
**FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 US § 1983, 1988.**

51. In response to the allegations contained in Paragraph 51 of said Complaint,

Defendants incorporate by reference their responses to Paragraphs 1 thorough 41 herein.

52. In response to the allegations contained in Paragraph 52 of said Complaint, Defendants deny said allegations.

53. In response to the allegations contained in Paragraph 53 of said Complaint, Defendants deny said allegations.

**FIFTH CLAIM FOR RELIEF:**
**STATE LAW CLAIM CALIFORNIA**
**PENAL CODE § 33800 ET SEQ.**

54. In response to the allegations contained in Paragraph 54 of said Complaint, Defendants incorporate by reference their responses to Paragraphs 1 thorough 41 herein.

55. In response to the allegations contained in Paragraph 55 of said Complaint, Defendants deny said allegations.

56. In response to the allegations contained in Paragraph 56 of said Complaint, Defendants deny said allegations.

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, these answering Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, these answering Defendants allege that any harm Plaintiffs suffered was the result of negligent or otherwise wrongful conduct of persons other than these Defendants and that the conduct of persons other than these Defendants were the sole and proximate cause of the injuries and damages alleged by Plaintiffs.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, these answering Defendants allege that all actions taken, including actions of Doe Defendants, were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, entitling the individual Defendants to qualified immunity.

///

1  AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, these answering Defendants
2  allege that they are immune from the state law causes of action pursuant to Government
3  Code sections 800-1000.
4  AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, these answering Defendants
5  allege they are immune from the state law causes of action pursuant to Government Code
6  sections 815.2(b) and 820.8 granting immunity for an injury caused by the act or omission
7  of another person.
8  AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, these answering Defendants
9  allege that Plaintiffs' Complaint is barred in that Plaintiffs failed to comply with the claims
10  filing provisions of Government Code section 900, et seq.
11  AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, these answering
12  Defendants allege that Plaintiffs' Complaint is barred by the applicable statutes of
13  limitation.
14  AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, these answering Defendants
15  allege that their actions towards Plaintiffs were the result of their negligence and/or
16  criminal conduct and that said actions of Plaintiffs were the sole and proximate cause of
17  their actions and any damages alleged by Plaintiffs in this case.
18  AS AND FOR A NINTH AFFIRMATIVE DEFENSE, these answering Defendants
19  allege that those individuals, who are presently designated as Does, are entitled to
20  immunity from Plaintiffs' Complaint by virtue of the provisions of Government Code
21  sections 800 through 1000, including, but not limited to Sections 820.2, 820.4, 820.6,
22  820.8, 821, 821.6 and 822.2.
23  AS AND FOR A TENTH AFFIRMATIVE DEFENSE, these answering Defendants
24  allege that their actions were lawful and justified under the facts of the case.
25  AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, these answering
26  Defendants allege that they are protected by the affirmative defenses provided by
27  California Penal Code sections 197, 834(a), 835 and 835(a).
28  / / /

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, these answering Defendants allege that any damages or injuries suffered by Plaintiffs were occasioned by their own wrongful actions.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs were careless and negligent in and about the matters referred to in said Complaint, and that such carelessness and negligence proximately caused and contributed to the damage, detriment or injuries sustained by them, if any there were, and that Plaintiffs' recovery should therefore either be barred or reduced to the extent of Plaintiffs' negligence.

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendants are informed and believe, and thereon allege, that third parties were careless and negligent in and about the matters referred to in said Complaint, and further that these third parties failed to exercise ordinary or any care regarding matters referred to in the Complaint and such carelessness and negligence on the part of these third parties proximately caused and contributed to the damage, detriment or injury sustained by Plaintiffs, if any there was, and that Plaintiffs' recovery from Defendants, if any there is, should therefore either be barred or reduced to the extent of the third party's negligence.

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the acts alleged to have been committed by these answering Defendants were not the cause in fact, proximate or legal cause of Plaintiffs' damages, if any.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Defendant CITY OF SAN JOSE is immune from a claim of exemplary or punitive damages by virtue of Government Code section 818.

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that any act or omission by these Defendants alleged in said Complaint was a result of the exercise of discretion vested in a public employee, and said

Defendants are therefore immune and not liable for such acts (Government Code section 820.2).

AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, these answering Defendants assert the affirmative defenses provided by Penal Code sections 836 and 836.5.

AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to mitigate their damages.

AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' claims are barred by the doctrine of res judicata.

AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs, and each of them, are collaterally estopped from bringing these claims.

AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, Plaintiffs, and each of them, do not have standing to bring all or a portion of their claims.

AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, Defendants complied with procedures set forth in California Welfare and Institutions Code section 8102.

AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, Plaintiffs, and each of them, by their words, conduct and actions, made a knowing intentional and voluntary waiver of any and all claims raised in their Complaint.

AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE,

WHEREFORE, these answering Defendants pray:

1. That Plaintiffs take nothing by their Complaint;
2. That Plaintiffs' Complaint be dismissed with prejudice;
3. That Defendants be awarded their costs of suit, including attorney's fees incurred herein; and

/ / /

/ / /

/ / /

1   4. For such other and further relief as the Court deems proper.

3   DATED: January 11, 2016                    RICHARD DOYLE, City Attorney

                                               By: ___/s/_____
                                                     MARK VANNI
                                                     Deputy City Attorney

                                               Attorneys for Defendants
                                               CITY OF SAN JOSE, CITY OF SAN JOSE
                                               POLICE DEPARTMENT AND OFFICER
                                               STEVEN VALENTINE