UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORI RODRIGUEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 5:15-cv-03698-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 22, 28 |

Plaintiffs Lori Rodriguez, the Second Amendment Foundation, Inc. ("SAF"), and the Calguns Foundation, Inc. ("Calguns") bring claims against Defendants the City of San Jose, the City of San Jose's Police Department, Officer Steven Valentine, and several Doe defendants arising from Defendants' confiscation and retention of firearms registered to Lori and her husband. Plaintiffs and Defendants have both moved for summary judgment. Plaintiffs' motion will be denied and Defendants' motion will be granted.

## I. BACKGROUND

In 2013, Edward Rodriguez suffered a mental episode at his home. Defs.' Mot. for Summ. J. ("MSJ") 2, Dkt. No. 22. His wife, Plaintiff Lori Rodriguez, called the police, and the San Jose Police responded. Id. An officer detained Edward under Welfare & Institutions Code § 5150 and ordered paramedics to take him to a hospital. Id. at 3; Pls.' Mot. for Cross-Summ. J. ("Cross-MSJ") 3, Dkt. No. 28. An officer told Lori that he was required to confiscate guns in the house. Cross-MSJ 3. He asked Lori to provide the combination to the gun safe in the house, and she complied. Id. at 3–4. The officer confiscated eleven guns registered to Edward and one gun registered to Lori. MSJ 4.

The City petitioned the Superior Court for a hearing under Welfare & Institutions Code § 8102 to determine whether the guns should be returned to Edward. MSJ 4; Cross-MSJ 4. The court decided that the guns could not be returned to Edward because he is a "prohibited person" under Welfare & Institutions Code § 8103. MSJ 4–5; Cross-MSJ 4–5. Lori appealed, and the California Court of Appeals affirmed. MSJ 5; Cross-MSJ 5; City of San Jose v. Rodriguez, H04031, 2015 WL 1541988 (Cal. Ct. App. Apr. 2, 2015).

The City has not returned the guns. Plaintiffs filed this action in 2015, bringing claims for violations of the Second Amendment, the Fourth Amendment, the Fifth Amendment, the Fourteenth Amendment, and Cal. Penal Code §§ 33800 et seq. Compl. ¶¶ 42–56, Dkt. No. 1. Now before the Court are Plaintiffs' motion for summary judgment and Defendants' cross-motion for summary judgment.

## II. LEGAL STANDARD

"Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Samuels v. Holland American Line—USA Inc., 656 F.3d 948, 952 (9th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). The Court "must draw all reasonable inferences in favor of the nonmoving party." Id. "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

Case No.: 5:15-cv-03698-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

2

sided that one party must prevail as a matter of law.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

## III. DISCUSSION

### A. Standing

Defendants argue that Plaintiffs SAF and Calguns (but not Lori Rodriguez) lack Article III standing to pursue their claims. "[A]n organization has 'direct standing to sue [when] it show[s] a drain on its resources from both a diversion of its resources and frustration of its mission.'" Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC, 666 F.3d 1216, 1219 (9th Cir. 2012) (quoting Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir.2002)). The Court agrees with SAF and Calguns that they have standing because they divert resources to assist gun owners to recover their property after seizure, they engage in related public education activities, they litigate cases like this one, and they have members in California that are affected. Cross-MSJ 7.

### B. Second Amendment

Plaintiffs allege that Defendants have violated Plaintiffs' "constitutional right to keep and bear arms under the Second Amendment." Compl. ¶¶ 42–44. However, despite the City's decision (under § 8102) not to return the guns it confiscated, Lori concedes that she is free to own and possess other guns that she lawfully acquires.[1] Cross-MSJ 8. The Second Amendment protects the right to keep and bear arms in general, but it does not protect the right to possess specific firearms. See City of San Diego v. Boggess, 216 Cal. App. 4th 1494, 1503 (2013) ("[S]ection 8102 does not eliminate a detainee's right to possess any and all firearms. Rather, as City points out, it implicates only the detainee's property right in the specific firearms confiscated by law enforcement.")

---

[1] Lori could sell the firearms at issue to a licensed dealer under Cal. Penal Code § 33850(b) ("A person who owns a firearm that is in the custody of a court or law enforcement agency and who does not wish to obtain possession of the firearm, and the firearm is an otherwise legal firearm, and the person otherwise has right to title of the firearm, shall be entitled to sell or transfer title of the firearm to a licensed dealer.") (emphasis added). Apparently, Lori could then purchase those guns from the dealer.

Case No.: 5:15-cv-03698-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

3

(emphasis added); Rodriguez, 2015 WL 1541988, at *7 ("[T]he Supreme Court decisions in Heller and McDonald did not state that the Second Amendment right to keep and bear arms extends to keeping and bearing either any particular firearms or firearms that have been confiscated from a mentally ill person.") (emphasis added). As such, Defendants' motion for summary judgment must be granted as to Plaintiffs' Second Amendment claim.

### C. Fourth Amendment

Plaintiffs allege that Defendants' confiscation of the guns and their decision not to return the guns to Lori constitute an unreasonable seizure under the Fourth Amendment. Compl. ¶¶ 45–47. Plaintiffs do not challenge the reasonableness of the search of Lori and Edward's home; rather, they challenge the reasonableness of Defendants' confiscation and retention of the firearms. Cross-MSJ 12–14.

The Court finds that, under the circumstances, the confiscation of the guns was entirely reasonable. Edward was detained for mental health reasons under § 5150, and the officer on the scene confiscated the guns under § 8102. This is precisely the type of scenario that § 8102 is designed to address. See Welfare & Institution Code § 8102 ("Whenever a person, who has been detained or apprehended for examination of his or her mental condition . . . , is found to own, have in his or her possession or under his or her control, any firearm whatsoever, or any other deadly weapon, the firearm or other deadly weapon shall be confiscated by any law enforcement agency or peace officer, who shall retain custody of the firearm or other deadly weapon.") (emphasis added). It was not unreasonable for the officer to follow the statutory procedure for confiscating deadly weapons from a person "who has been detained . . . for examination of his or her mental condition." Id.

The City's continued retention of the guns is likewise reasonable. Plaintiffs challenged the City's petition before the Superior Court and received a full evidentiary hearing. That court's decision received a full review and a written opinion from the California Court of Appeals, which affirmed the trial court's decision to grant the City's petition. See Rodriguez, 2015 WL 1541988.

Case No.: 5:15-cv-03698-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

4

1    Accordingly, Defendants' motion for summary judgment will be granted as to Plaintiffs'
2    Fourth Amendment claim.

### D. Fifth Amendment

Plaintiffs allege that the City's confiscation and retention of the guns is a "taking of property without just compensation" under the Fifth Amendment. Compl. ¶¶ 48–50. Plaintiffs' claim fails because "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." Bennis v. Michigan, 516 U.S. 442, 452 (1996). Here, Defendants lawfully exercised their forfeiture authority under § 8102. That exercise does not constitute a taking of property without just compensation. Defendants' motion for summary judgment will be granted as to Plaintiffs' Fifth Amendment claim.

### E. Fourteenth Amendment

Lori alleges that Defendants' confiscation and retention of the guns constituted a "violation her due process rights (administrative return of property) under the Fourteenth Amendment" (and Calguns and SAF allege a similar claim on behalf of their members). Compl. ¶¶ 51–53. In their summary judgment briefing, Plaintiffs clarify that they allege a procedural due process violation based on the City's refusal to return the firearms following the Court of Appeals' decision. Dkt. No. 43 at 12. Defendants cite the Court of Appeals' statement that "the procedure provided by section 33850 et seq. for return of firearms in the possession of law enforcement remains available to Lori." Rodriguez, 2015 WL 1541988, at *8.

Defendants appear to argue that this language requires the City to return the firearms to Lori. But Defendants misread the court's decision: the court did not order the City to return the firearms to Lori; rather, it addressed Lori's two challenges to the City's petition—on the grounds (1) insufficiency of evidence and (2) violation of her Second Amendment rights—and noted that Lori had not yet chosen to pursue remedies under Penal Code § 33800. No procedural due process violation arises from the City's decision not to return the guns to Lori, since the Court of Appeals

Case No.: 5:15-cv-03698-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1  did not require it to do so. As such, Defendants' motion for summary judgment will be granted as to Plaintiffs' Fourteenth Amendment claim.

### F. Penal Code § 33800 et seq.

Plaintiffs bring a claim for violation of Cal. Penal Code § 33800 et seq. However, summary judgment must be granted in Defendants' favor because that statute does not authorize an independent cause of action. See Calhoun v. City of Hercules Police Dep't, No. 14-CV-01684-VC, 2014 WL 4966030, at *3 (N.D. Cal. Oct. 3, 2014), aff'd, 675 F. App'x 656 (9th Cir. 2017) ("California Penal Code § 33855 lays out the procedures that a law enforcement agency must follow before it can return a confiscated firearm, but it does not, in itself, provide a cause of action to a plaintiff who believes he is entitled to his firearm.").

## IV. CONCLUSION

Defendants' motion for summary judgment (Dkt. No. 22) is GRANTED. Plaintiffs' motion for summary judgment (Dkt. No. 28) is DENIED. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 29, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-03698-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

6